Filed 3/24/25  P. v. Boyd CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AHJEEB JAMAL BOYD,<br><br>    Defendant and Appellant. | B335180<br><br>Los Angeles County<br>Super. Ct. No. BA438587-01 |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed and remanded with instructions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

On March 15, 2016, appellant Ahjeeb Jamal Boyd pled no contest to two counts of attempted murder. He also admitted gang enhancement allegations. Defense counsel stipulated to a factual basis based upon the police report and the preliminary hearing transcript. The trial court sentenced Boyd to two concurrent aggregate determinate prison terms of 12 years.

On April 19, 2023, Boyd filed a petition for resentencing under Penal Code section 1172.6.[1] The petition was a pre-printed form geared towards meeting the requirements for facial validity and appointment of counsel. The form allows the petitioner to declare eligibility for relief by checking boxes next to statements that correspond to statutory requirements for relief, including statements that petitioner was subject to prosecution and conviction under an invalid theory and could not presently be convicted because of changes to homicide law. The trial court appointed counsel for Boyd and found him ineligible for sentencing relief as a matter of law and summarily denied the petition. Relying on the preliminary hearing transcript, the trial court found Boyd was the actual perpetrator of the attempted murders and acted with malice aforethought. The trial court wrote: "After considering the record of this case, including the available reporter's daily transcripts of Petitioner's plea and the preliminary hearing transcript and the probation officer's report, the court has determined that Petitioner has not met his burden of establishing a *prima facie* case for relief and respectfully DENIES the petition." "Petitioner's objection to the court relying on the preliminary hearing transcript in this matter is overruled and the court will rely on the factual showings in that transcript

---

[1] Statutory references are to the Penal Code.

2

in determining whether Petitioner has established the necessary *prima facie* case for relief."  "Because Petitioner personally attempted to murder the victims in this case and personally harbored malice aforethought, he is ineligible for relief as a matter of law and the petition is DENIED."  This appeal followed.

Boyd contends the court improperly denied his petition at the prima facie stage because the record of conviction did not establish as a matter of law that he was ineligible for resentencing, and the court could not have denied his petition without improperly engaging in factfinding.

After the parties filed their briefs, our Supreme Court decided *People v. Patton* (Mar. 3, 2025, S279670) ___ Cal.5th ___ [2025 Cal. LEXIS 1165] (*Patton*), which held that a "petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6 in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing."  (*Id.* at p. *2.)  We affirm the trial court's order.  At Boyd's request we remand with directions to the trial court to permit Boyd to amend his petition to comply with newly established caselaw.

## FACTUAL AND PROCEDURAL BACKGROUND

We recite the facts drawn from the preliminary hearing transcript, which establish probable cause to believe that Boyd was the sole assailant of the two attempted murder victims.  In 2015, a surveillance video at a 76 gas station captured Boyd walking up to a car stopped at a gas pump.  Two persons were in the car while the driver was pumping gas.  Boyd appeared on the scene near the car and the driver pumping gas immediately fled.  Boyd pulled the gas pump out of the car and poured gasoline all over it, including the area near the front windshield where the

3

two people were sitting. He ignited the gasoline with a flame and took off. The occupants of the car escaped the burning car. At the preliminary hearing, a police officer who had spoken with Boyd 10 to 12 times in the past identified Boyd as the person who ignited the fire as seen on the surveillance video.

## DISCUSSION

Boyd contends the trial court erred in denying his petition at the prima facie stage because the trial court relied on the preliminary hearing transcript to conclude appellant was the actual perpetrator of the attempted murders and acted with malice aforethought. He contends nothing in the record of conviction establishes dispositively and as a matter of law the identity or mens rea of the actual perpetrator. This argument is predicated on the proposition that the preliminary hearing transcript is not part of the record of conviction and his generic plea did not specify any theory of liability or any particular fact, i.e., that he was the person who actually perpetrated the attempted murders. He argues the court engaged in impermissible factfinding by relying on facts taken from the preliminary hearing transcript. He contends we should reverse the trial court and remand the petition for an evidentiary hearing in accordance with the provisions of section 1172.6, subdivision (d). We disagree.

I. *Relevant Law and the Standard of Review*

Effective 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder. (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) It also narrowed the scope of the felony-murder

4

rule.  (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e).  The latter provision requires the prosecution to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); an aider and abettor to murder who had the intent to kill (*id.*, subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (a), who acted with reckless indifference to human life as described in subdivision (d) of section 190.2.  (§ 189, subd. (e)(3); see *Curiel*, at p. 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868-869; *Gentile,* at pp. 842–843.)

The Legislature provided a procedure (now codified in section 1172.6), extending protection to, among others, "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . ."  (§ 1172.6, subd. (a).)  In such cases, a defendant may petition the court to vacate their conviction and seek resentencing on any remaining counts if the person could not now be convicted of attempted murder because of the changes to sections 188 and 189.  (§ 1172.6, subd. (a); see Sen. Bill No. 775 (2021–2022 Reg. Sess.) Stats. 2021, ch. 551, § 1 [extending Senate Bill 1437's ameliorative changes and procedure for potential relief to individuals convicted of attempted murder or voluntary manslaughter].)  Section 1172.6 applies by its terms only to attempted murders based on the natural and probable consequences doctrine.  (§ 1172.6, subd. (a) ["A person convicted of . . . attempted murder under the

natural and probable consequences doctrine . . . may file a petition . . . ."].)

If a section 1172.6 petition contains the requisite information, the trial court must appoint counsel, upon request, to represent the petitioner. (*Lewis, supra*, 11 Cal.5th at pp. 962– 963; § 1172.6, subd. (b)(1)(A), (b)(3).) The prosecutor must file a response to which the petitioner may reply, and the court must hold a hearing to determine if the petitioner has made a prima facie showing of entitlement to relief. (§ 1172.6, subd. (c).) If the court finds a prima facie case has been shown, it must issue an OSC and conduct an evidentiary hearing to determine whether to vacate the conviction and resentence petitioner on any remaining counts. (*Id.*, subds. (c), (d)(1).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause [OSC]." ' " (*Lewis, supra*, 11 Cal.5th at p. 971; see *Curiel, supra*, 15 Cal.5th at p. 460.) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *Curiel*, at pp. 463–464.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis,* at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*. ' "[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,' " ' thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; see *Curiel, supra*, 15 Cal.5th at p. 460; *Lewis, supra*, 11 Cal.5th at p. 971.) We independently review the superior court's prima facie determination under section 1172.6. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *Harden,* at p. 52.)

II.     *The Trial Court Did Not Err in Summarily Denying Boyd's Petition Without Conducting an Evidentiary Hearing.*

On its face, Boyd's petition appears to satisfy the requirements of subdivision (a) of section 1172.6. The petition and declaration state: (1) an information was filed against him that allowed the prosecution to proceed under a theory of murder under the natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder; and (3) he could not presently be convicted of murder due to amendments to sections 188 and 189. (*Lewis, supra*, 11 Cal.5th at pp. 959–960.) Because Boyd's statements must be accepted as true at the prima facie stage, the trial court could deny his section 1172.6 petition only if the record of conviction conclusively demonstrates he was not entitled to relief as a matter of law. (*Id.* at p. 971.)

Nevertheless, the statements Boyd makes in his petition are insufficient bases to go forward to an evidentiary hearing. As *Patton* holds, "a section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition,

7

offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima farcie showing." (*Patton, supra,* ___ Cal.5th ___ [2025 Cal. LEXIS 1165 at pp. *19–20].) Here Boyd made no factual assertions whatsoever in the trial court and makes no factual assertions on appeal. He relies solely on conclusory allegations of entitlement to relief. He has, therefore, not made a *prima facie* showing of entitlement to relief. We affirm the trial court. In an abundance of caution, however, we remand to the trial court to permit Boyd to amend his petition within 30 days of the remand.

## DISPOSITION

The order denying the petition for resentencing is affirmed.  The matter is remanded to the trial court with instructions to consider an amended petition should Boyd, within 30 days of that remand, seek to file one.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.


We concur:



GRIMES, J.



VIRAMONTES, J.

9